**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 28 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEX PEREZ SALVADOR, | No. 16-71854 |
| Petitioner, | Agency No. A202-003-139 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019[**]

Before: THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Alex Perez Salvador ("Perez Salvador"), a native and citizen of Guatemala,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing Perez Salvador's appeal from an immigration judge's decision denying

Perez Salvador's application for asylum, withholding of removal, and relief under

the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252(a), and we deny the petition.

We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).

The BIA did not err in finding that Perez Salvador did not establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). Thus, Perez Salvador's asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT relief because Perez Salvador failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala because he did not provide evidence that the government was aware of the extortion and robbery attacks. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033-35 (9th Cir. 2014)

16-71854

(concluding that petitioner did not establish the necessary "state action" for CAT relief).

We reject as unsupported by the record Perez Salvador's contentions that the BIA erred in its consideration of his evidence, its analysis of his claims, or its conclusion that he failed to meaningfully identify a political opinion.

**PETITION FOR REVIEW DENIED.**